UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHEM GRO OF HOUGHTON, INC., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:11CV93 JCH |
| ) | |
| LEWIS COUNTY RURAL ELECTRIC ) | |
| COOPERATIVE ASSOCIATION, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Count III of Plaintiff's Complaint ("Motion to Dismiss") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed on February 3, 2012. (ECF No. 8). This matter is fully briefed and ready for disposition.

**BACKGROUND**[1]

Plaintiff Chem Gro of Houghton, Inc. ("Plaintiff" or "Chem Gro") is an Iowa corporation engaged in agribusiness, which includes the production and storage of grain and the sale of fertilizer and related agricultural chemicals. (Complaint, ECF No. 8, ¶ 1). Defendant Lewis County Rural Electric Cooperative Association ("Defendant" or "Lewis") is a Missouri corporation engaged in the business of providing electrical power to homes and businesses in northeast Missouri. (Id., ¶ 2). On February 1, 2008, Chem Gro entered into a contract with Lewis to construct an electrical line to provide power to Chem Gro's expanding facilities in Alexandria, Missouri. (Id., ¶¶ 4, 5). Chem Gro agreed to pay $88,000 to Lewis upon completion of the line, with Lewis agreeing to finish the line

---

[1] The facts in the Court's background section are taken directly from Plaintiff's Complaint. Defendant has filed an Answer disputing a number of these facts.

by August 2008. (Id., ¶ 6). Chem Gro's payment of $88,000 was to be applied as a credit against the Alexandria plant's future utility bills. (Id.).

Lewis failed to install the electrical lines in time for the harvest in the fall of 2008, leaving Chem Gro without a source of power for its new equipment. (Id., ¶ 8). Lewis agreed to rent electrical generators for Chem Gro in order to provide "temporary power" for the new equipment. (Id., ¶ 9). In addition to renting the generators, Lewis agreed to pay for the generators' installation and fuel. (Id., ¶ 10). After the installation of the generators, the generator's leasing company sent monthly bills to Chem Gro. (Id.). Chem Gro contacted Lewis about the bills, and Lewis asked Chem Gro to pay the bills for fuel and rental and stated Lewis would "settle up" later. (Id.). Chem Gro paid $181,761.51 for rent, fuel, and related expenses for the generators. (Id., ¶ 11).

Lewis completed the power line in 2008, after the harvest season. (Id., ¶ 13). Chem Gro did not receive any credit from Lewis for the money spent on the generators, and Chem Gro has paid full price for all electrical service to the Alexandria facility. (Id.). Chem Gro demands reimbursement for all utility bills paid to Lewis since August 2008, up to and including the full amount of its expenditures. (Id.).

Plaintiff filed this action in this Court on November 29, 2011. Plaintiff's Complaint contains three counts: Count I alleges negligent misrepresentation, Count II alleges breach of contract - modification, and Count III seeks the equitable relief of reformation and asserts the equitable claim of unjust enrichment. As noted above, Defendant filed this Motion to Dismiss (ECF No. 8) on February 3, 2012.

## **STANDARD**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action

should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

Dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006). As a practical matter, such dismissal should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint there is some insuperable bar to relief. Schmedding v. Tnemec Co., Inc., 187 F.3d 862, 864 (8th Cir. 1999); see also 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1357, at 565 (3d ed. 2004) (stating that "relatively few complaints fail to meet this liberal standard and thereby become subject to dismissal" under Rule 12(b)(6)).

## DISCUSSION

### I. Reformation

Defendant argues Plaintiff's reformation claim fails to state a cause of action because Plaintiff has not pled that a written instrument was executed between the parties and because there was no mutual mistake between the parties. Plaintiff counters that an oral contract may be subject to reformation and that it is inappropriate to evaluate the existence of a mutual mistake on a Rule 12(b)(6) motion to dismiss.

Reformation is a remedy by which a party to a contract may obtain modification of the terms of the contract such that those terms reflect the parties' original intent in forming the contract. Lunceford v. Houghtlin, 170 S.W.3d 453, 464 (Mo. Ct. App. 2005) (citing RESTATEMENT (SECOND) OF CONTRACTS § 155 (1981)). In seeking reformation, it must be established that a mistake occurred that caused the contract language to differ from what the parties intended in their agreement. Id. While reformation is an extraordinary equitable remedy, it is nevertheless available upon a showing that, due to either fraud or mutual mistake, the writing fails to accurately set forth the terms of the actual agreement or fails to incorporate the true prior intentions of the parties. Elton v. Davis, 123 S.W.3d 205, 212 (Mo. Ct. App. 2003).

Equitable jurisdiction extends only to writings and, therefore, excludes most transactions entered into either orally or by informal writings not adopted as a memorial of the bargain. 27 WILLISTON ON CONTRACTS § 70:39 (4th ed.). Equity will grant reformation of a contract only where a writing is involved. Id.; see also Knight v. Electric Household Utilities Corp., 30 A.2d 585, 586 (N.J. Ch. 1943) (where there is no evidence that the parties adopted a writing as their contract, "the contract which is enforceable at law is the verbal agreement, proveable by the oral testimony of witnesses according to their recollection, and there is no written contract which need be reformed.") (citing 2 WILLISTON ON CONTRACTS § 633; 5 WIGMORE ON EVIDENCE § 2429).

Here, Plaintiff has not pled the existence of a written agreement between the parties in Plaintiff's Complaint. While the parties have not identified a Missouri case explicitly holding that a written agreement is a prerequisite for a claim for reformation, and the Court has similarly been unable to identify such a case, additional authorities have found reformation can only be applied to a writing. The Court will not address Defendant's argument that no mutual mistake occurred, as Plaintiff's failure to plead the existence of a written agreement is fatal to Plaintiff's reformation claim.

Accordingly, the Court dismisses Plaintiff's Complaint as to Plaintiff's claim for reformation, without prejudice. The Court grants Plaintiff until Monday, April 9, 2012, to correct these pleading deficiencies, if possible.

**II.     Unjust Enrichment**

Defendant argues Plaintiff improperly seeks the same remedy in its unjust enrichment claim as in its breach of contract claim and that Plaintiff's unjust enrichment claim contains insufficient factual support. Plaintiff counters that Plaintiff's unjust enrichment claim is properly pled in the alternative to Plaintiff's breach of contract claim and contains sufficient facts.

**A.     Plaintiff may plead both breach of contract and unjust enrichment.**

Missouri law does not permit a plaintiff to recover under both an express contract and unjust enrichment. See, e.g., Banner Iron Works, Inc. v. Amax Zinc Co., 621 F.2d 883, 889 (8th Cir. 1980) (finding of a valid contract precludes recovery on a quantum meruit theory under Missouri law); Krupnick & Associates, Inc. v. Hellmich, 378 S.W.2d 562, 569-570 (Mo. 1964) ("express contract would also preclude the existence of the contract implied by law or quasi contract[ ] necessary to form the basis for recovery in quantum meruit"). Nonetheless, "[t]he fact that a plaintiff cannot simultaneously recover damages for both breach of an express contract and unjust enrichment does not preclude that plaintiff from pleading both theories in her complaint." Owen v. General Motors Corp., No. 06-4067-CV-C-NKL, 2006 WL 2808632, at *2 (W.D.Mo. Sept. 28, 2006).

According to the Federal Rules of Civil Procedure, "[a] party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." FED. R. CIV .P. 8(d)(2). "If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Id. "A party may state as many separate claims or defenses as it has, regardless of consistency." FED. R. CIV .P. 8(d)(3).

The liberal policy reflected in Rule 8(d)(2) mandates that courts not construe a pleading "as an admission against another alternative or inconsistent pleading in the same case." McCalden v. Cal. Library Ass'n., 955 F.2d 1214, 1219 (9th Cir. 1990); see also Rodriguez-Suris v. Montesinos, 123 F.3d 10, 20 (1st Cir. 1997)("Especially at the early stages of litigation, a party's pleading will not be treated as an admission precluding another, inconsistent, pleading."). Thus, although a plaintiff may not recover on both theories, "a plaintiff may claim ... remedies as alternatives, leaving the ultimate election for the court." E.H. Boly & Son, Inc. v. Schneider, 525 F.2d 20, 23 n.3 (9th Cir. 1975); see also Hubbard Bus. Plaza v. Lincoln Liberty Life Ins. Co., 596 F.Supp. 344, 347 (D.Nev. 1984) (holding that a "claimant is entitled to introduce his evidence in support of all his claims for relief; if he doesn't make an election among them, the trier of fact decides which, if any, to sustain.").

Here, while the unjust enrichment claim of Count III of Plaintiff's Complaint is not explicitly pled in the alternative to Plaintiff's other claims, Plaintiff clearly intended its unjust enrichment claim to operate as an alternative cause of action to Plaintiff's breach of contract and reformation claims. While Plaintiff may not recover under both breach of contract and unjust enrichment, Plaintiff is permitted to plead both claims. The Court will not require hypertechnicality in pleading these claims in the alternative and will not dismiss Plaintiff's unjust enrichment claim based on the failure to use more precise wording. Contra Holman v. Indiana, 211 F.3d 399, 406-07 (7th Cir. 2000).

**B.     Plaintiff's unjust enrichment claim contains sufficient facts.**

Under Missouri law, one who confers a benefit upon another due to a mistake is entitled to restitution. Homecomings Financial Network, Inc. v. Brown, 343 S.W.3d 681, 685 (Mo. Ct. App. 2011). A right to restitution is established under unjust enrichment if the following elements are satisfied: (1) the defendant was enriched by the receipt of a benefit; (2) the enrichment was at the expense of the plaintiff; and (3) it would be unjust to allow the defendant to retain the benefit. Id.

Unjust retention of benefits only occurs when the benefits were conferred in misreliance on a right or duty, through dutiful intervention in another's affairs, or under constraint.  Howard v. Turnbull, 316 S.W.3d 431,  436 (Mo. Ct. App. 2010).

Here, viewing the allegations in the light most favorable to Plaintiff, the Court finds Plaintiff has alleged sufficient facts to show Defendant was unjustly enriched by the receipt of a benefit provided at the expense of Plaintiff.  Plaintiff alleges that, due to Defendant's failure to construct the agreed-upon power lines to Plaintiff's plant, Defendant agreed to reimburse Plaintiff for costs associated with the rent, fuel, and installation of the generators that were necessary to provide temporary power to Plaintiff's plant.  By paying for these expenses, Plaintiff conferred a benefit on Defendant, and Defendant's alleged refusal to reimburse Plaintiff constitutes an unjust retention of this benefit.  Accordingly, the Court denies Defendant's Motion to Dismiss as to Plaintiff's claim for unjust enrichment.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count III of Plaintiff's Complaint (ECF No. 8) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Count III of Plaintiff's Complaint (ECF No. 8) is **GRANTED** with respect to Plaintiff's reformation claim.  Plaintiff is granted until **Monday, April 9, 2012**, to file an amended complaint in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Count III of Plaintiff's Complaint (ECF No. 8) is **DENIED** in all other respects.

Dated this 26th  day of March, 2012.

/s/Jean C. Hamilton  
UNITED STATES DISTRICT JUDGE